UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| ANDRE L. OWENS, | : | Case No. 4:13-CR-354 |
| | : | Case No. 4:16-CV-1516 |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 24] |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Andre L. Owens petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that he no longer qualifies as a career offender and was improperly sentenced as a career offender under United States Sentencing Guideline § 4B1.1; 1.2(a).[1] The Supreme Court's recent opinion in *Beckles v. United States*[2] forecloses his argument.

Petitioner Owens's argument centers on the relationship between the Guidelines and the Armed Career Criminals Act.[3]

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the residual clause of the Armed Career Criminals Act was unconstitutionally vague.[4] If a sentencing court imposed an increased sentence based on felonies that qualified only under the residual clause, that sentence violated a criminal defendant's constitutional right to due process.[5]

---

[1] Doc. 24. The Government opposes. Doc. 27. Owens replies. Doc. 28.
[2] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[3] Doc. 24 at 2-4.
[4] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[5] *Id.*

Case No. 4:13-CR-354
Gwin, J.

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his ACCA affected sentence in a § 2255 habeas proceeding.[6]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[7] Therefore, since *Johnson*, many criminal defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this argument. In *Beckles*, the Petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness."[8]

In answering this argument, the *Beckles* Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[9]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Petitioner Owens's § 2255 petition. Furthermore, there is no basis upon which to issue a certificate of appealability.[10]

IT IS SO ORDERED.

Dated:  April 6, 2017                                          *s/         James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE

---

[6] *Welch v. United States*,      U.S.      , 136 S. Ct. 1257, 1265 (2016).
[7] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[8] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[9] *Id.*
[10] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).